Mr. Justice MacArthur
stated the case and delivered the opinion of the court:
The case comes here on a certificate of the justice holding the criminal court, to determine whether that court erred in allowing a criminal information to be amended at the trial of the cause.
The defendant was prosecuted in the police court of this District upon an information charging that, “ at place of business known as house No. 1601 Q street, northwest, in the city of Washington, District and county aforesaid, he did unlawfully engage in the business of keeping a place where distilled and fermented liquors, wines, and cordials are sold in less quantities than one pint at a time to the same purchaser, to wit, a tippling-house.” The information was under oath, and the defendant, upon being convicted, took an appeal to the criminal court. On the trial of the appeal, it appeared from the testimony of the witnesses for the prosecution that the defendant committed the offense at house No. 1601 Twelfth street, instead of the place alleged in the information. The attorney for the District then moved the court for permission to amend the information by striking out the words known as house No. 1601 Q street, northwest.” The counsel for the accused objected on the ground that the information could not be amended at the trial of the cause and after the prosecution had closed their testimony. The presiding justice allowed the amendment, and the counsel for defendant excepted; the jury returned a verdict of guilty, and the case is certified to determine the legality of said amendment.
*469 The third section of the statute organizing the police court provides—
“ That prosecutions in said police court shall be by information under oath; ‘but any party deeming himself aggrieved by the judgment of said court may appeal to the criminal court, held by a justice of the supreme court of the District of Columbia, and in such case the appeal shall be tried on the information filed in the court below, certified to said criminal court, by a jury in attendance thereat, as though the case had originated therein.’”
It will be seen that the statute requires that the accused party shall not be deprived of his liberty unless the charge of guilt is preferred against him by the sworn statement of the complainant, and that the appeal in the criminal court shall be tried upon the verified accusation certified as the one in the court below. But if amendments are allowed affecting the charge against the defendant without verification, the statute is to that extent disregarded, and he may be convicted of a charge that is partly upon oath and partly not.
It is contended that the amendment was authorized by the act of the late legislative assembly of June 25,1873, which provides that technical or clerical errors may be amended in the police court on motion at the time of the trial or on appeal to the criminal court. It is apparent, however, that this act does not extend to anything material to the charge, and was simply designed to prevent a failure of justice from mere formal or ministerial mistakes.
The motion by the prosecuting officer was for leave to strike out the words “ known as houseNo. 1601Q street, northwest, ” as surplusage, it not being necessary to prove the house laid.
It will not be denied that an information, like an indictment, must set forth the facts and circumstances constituting the offense, and that the verification extends to every part of the charge. The allegation in question describes the place in which the offense was committed. A tippling-house, like a disorderly house or a house of ill-fame, is local in its very nature. To aver its particular locality is, therefore, quite pertinent and consistent in a pleading of this kind. It is an elementary rule of criminal law, that where an offense is described with circumstances of greater particularity than is requisite, these *470 circumstances must b e proved. Roscoe Cr. Ev., 102. Now, although the general .mode of stating the offense to have been committed in the District of Columbia would quite likely be held sufficient, had that been the original form of the allegation, yet inasmuch as the place is made material by the pleading, it must be proved as alleged. It cannot be rejected as surplusage, or treated as an informal error.
It is true that criminal informations which are not founded upon oath could be by the common law amended at any time before trial. They were regarded as the suggestions of the officer making them, and it was therefore competent for him to make any further suggestion on the record upon good cause shown to the court. But this rule is of no importance in the case of an information required in particular by the statute to be upon oath. Still, as this pleading is not the finding of a grand jury, we are disposed to hold that it may be amended on general principles by the police court at any time before the trial therein, but in such case it must be resworn to, the same as when originally presented, so that the accused may enjoy the right of preparing his defense to the new statement of the charge.
In this case, however, we are all of opinion that the amendment was erroneous, and the variance fatal to the prosecution. The defendant is entitled to his discharge.